IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THRULINE MARKETING, INC., )<br>)<br>              Plaintiff, )<br>)<br>v. )<br>)<br>DELTA CAREER EDUCATION CORP., )<br>)<br>              Defendant. )<br>)<br>_____) | Case No. 18-2141-JWL |

## MEMORANDUM AND ORDER
## AND
## ORDER TO SHOW CAUSE

This matter comes before the Court on the amended motion by plaintiff Thruline Marketing, Inc. ("Thruline") for a default judgment against defendant Delta Career Education Corp. ("Delta") (Doc. # 30). For the reasons set forth below, the Court **denies** the motion. The Court further orders plaintiff Thruline to show cause, by written submission filed on or before **September 28, 2018**, why this case should not be dismissed for lack of personal jurisdiction.

Thruline asserts claims for breach of contract and unjust enrichment. Defendant Delta has not appeared in this action, and the Clerk of Court has entered default against that party pursuant to Fed. R. Civ. P. 55(a). In its original complaint, Thruline also asserted its claims against Gryphon Investors, Inc. ("Gryphon") as Delta's alleged alter ego. By Memorandum of Order of June 27, 2018 (Doc. # 23), the Court dismissed the claims against

Gryphon for lack of personal jurisdiction, in part because Thruline had failed to establish personal jurisdiction over Delta. *See Thruline Marketing, Inc. v. Delta Career Educ. Corp.*, 2018 WL 3145507, at *3-4 (D. Kan. June 27, 2018). After setting forth the governing jurisdictional standards, the Court reasoned as follows:

> Thruline has not alleged that Delta ever transacted any business in Kansas or that Delta's representatives ever visited the state. Thruline argues that the requisite contacts between Delta and Kansas exist because Thruline (a Kansas resident) provided services for Delta's benefit. Delta did not enter into any contract with Thruline, however; rather, Delta contracted with a party (Edufficient) that contracted with a Kansas resident. Thruline has not alleged that Delta, at the time that it contracted with Edufficient, had any knowledge that a Kansas company would be supplying the contracted-for services. Thruline has alleged that Delta knew of the benefit that Thruline provided, but it has not alleged that Delta knew who was providing that benefit. Thus, on the facts alleged by Thruline, any contact with Kansas is attenuated and occurred solely because of the unilateral activity of Edufficient and Thruline, and as stated in the authority quoted above, such contacts are not sufficient.

*See id.* at *4. The Court also noted that Thruline had not cited any authority suggesting that such facts may be sufficient to establish jurisdiction over a defendant (the Court distinguished two cases cited by Thruline as inapplicable to the issue of jurisdiction). *See id.* Finally, because of the lack of jurisdiction over Delta, the Court also denied Thruline's motion for a default judgment against Delta. *See id.*

The Court did grant Thruline leave to amend its complaint to add facts relevant to the issue of jurisdiction, *see id.* at *4 n.4, and Thruline filed an amended complaint on July 11, 2018. Thruline has now also alleged that Delta had previously contracted with Thruline and knew that Thruline was located in Kansas; and that Delta "became aware that Thruline, not Edufficient, was providing" the services for which Delta contracted with Edufficient.

2

Thruline has still not alleged, however, that Delta reached out to a Kansas company in some way with respect to its contract with Edufficient or that Delta otherwise initiated any contact with Kansas. Indeed, Thruline has still not even alleged specifically that Delta knew that Thruline would be providing the services at the time Delta contracted with Edufficient (Delta allegedly "became" aware of that fact during the course of the contract). Again, then, on the alleged facts, any contact with Kansas occurred solely because of the unilateral activity of Edufficient and Thruline, and such contact is not sufficient under the standards governing the issue of personal jurisdiction. *See id.* at *3-4.

In its amended motion for a default judgment, Thruline states that its amended complaint includes additional allegations establishing the Court's personal jurisdiction over Delta, but despite the Court's prior ruling, the motion does not include any additional analysis or citation to authority to support jurisdiction. The Court again concludes that Thruline has not met its burden to establish jurisdiction over Delta, and the Court therefore denies the amended motion for a default judgment. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) ("[J]udgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

Moreover, because the Court has not been shown to have jurisdiction, Thruline is ordered to show cause, including by citation to relevant authority, why this case should not be dismissed.


IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's amended motion for default judgment (Doc. # 30) is hereby **denied**.

3

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff shall show cause, by written submission filed on or before **September 28, 2018**, why this case should not be dismissed for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated this 19th day of September, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge